```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ANDY ROSA,                                                              :
                                                                        :
                                Plaintiff,                              :
                                                                        :   21-CV-3153 (JMF)
                -v-                                                     :
                                                                        :   ORDER
THE CHARITABLE TRUCKING CO. et al.,                                     :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      On April 28, 2021, the Court ordered Defendants to show cause in writing why this case should not be remanded to the Supreme Court of New York, Bronx County, for lack of subject-matter jurisdiction. *See* ECF No. 8. Defendants filed a response on May 11, 2021, and Plaintiff filed a response on May 18, 2021, contending that removal was improper because Defendants failed to submit proof of the individual Defendant's state of citizenship, as opposed to his state of residence. *See* ECF Nos. 13, 14.

      Having reviewed the parties' submissions, the Court concludes that the amount-in-controversy requirement is satisfied but that Defendants have not yet established that the parties are completely diverse in citizenship. As for the amount in controversy, Plaintiff's counsel avers that, upon "reasonable belief and expectation[,] . . . plaintiff's damages exceed $75,000, by a wide margin." The Court therefore concludes that the amount in controversy exceeded $75,000 at the time of removal. *Cf. Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (holding that the amount-in-controversy requirement was satisfied because the plaintiff had "declined to limit her damages $75,000 or less" at the district court's initial status conference).

      As for diversity of citizenship, Plaintiff is correct that "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," meaning "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Id.* "Domicile is established initially at birth and is presumed to continue in the same place," absent proof "by clear and convincing evidence" that the party (1) has taken up "residence in a new domicil" and (2) "inten[ds] to remain there." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted).

      In light of the foregoing, it is hereby ORDERED that Defendants confirm by affidavit the **citizenship** of the individual Defendant no later than **May 27, 2021**. Plaintiff shall submit any response no later than **June 2, 2021.** If Defendants fail to establish complete diversity of

citizenship or fail to file anything by the deadline, the Court will remand the case for lack of subject-matter jurisdiction without further notice to the parties.

    SO ORDERED.

Dated: May 20, 2021
       New York, New York

                                        JESSE M. FURMAN
                                    United States District Judge