UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDY ROSA,                                                  :

                     Plaintiff,                       :

                -against-                      :        **MEMORANDUM AND ORDER**

THE CHARITABLE TRUCKING CO., VICTORIE :                      21-CV-3153 (KNF)
EXPRESS INC. AND ALEXANDRU ROBU,

                             :

                  Defendants.
------------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On April 26, 2021, the defendants filed a notice of removal by which "the above-captioned action, filed with the Supreme Court for the State of New York, County of Bronx, and all claims and causes of action therein (the 'State Action'), is hereby removed to the United States District Court for the Southern District of New York."  Docket Entry No. 5.  The defendants asserted that removal is proper because complete diversity exists pursuant to 28 U.S.C. § 1332(a), namely, the plaintiff is a New York resident and "Defendant The Charitable Trucking Co. is a corporation with its principal place of business the State of Illinois.  Defendant Victory Express Inc., incorrectly sued as Victorie Express Inc., is a corporation with its principal place of business in the State of Illinois.  Defendant Alexandru Robu ['Robu'] is a citizen of the State of Washington."  The state court action was filed by the plaintiff on January 19, 2021. Docket Entry No. 5-1.

By a sua sponte order to show cause, the court noted that

the Complaint alleges that Plaintiff is a resident of New York and that Defendants The Charitable Trucking Co. and Victorie Express Inc. are "domestic corporation[s], duly organized and existing under and by virtue of the State of New

1

York," ECF No. 5-1, at 6-7 — suggesting that Plaintiff and the corporate Defendants may all be citizens of New York.  In the Notice of Removal, Defendants allege that Illinois is their principal place of business; but they are conspicuously silent with respect to the state by which they were incorporated.

Docket Entry No. 8.

The defendants were directed to show cause in writing why the case should not be remanded to the New York State Supreme Court, Bronx County, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  See Docket Entry No. 8.  In response to the order to show cause, the defendants' attorney submitted her May 11, 2021 declaration with exhibits, Docket Entry No. 13, and the plaintiff's attorney, Kenneth J. Ready ("Ready") submitted his May 18, 2021 declaration with exhibits, Docket Entry No. 14.  Upon review of the parties' submissions in response to the show cause order, the court found that "the amount in controversy exceeded $75,000 at the time of removal" and directed "that Defendants confirm by affidavit the citizenship of the individual Defendant."  Docket Entry No. 15.

The defendants' attorney submitted a declaration, Docket Entry No. 16, and Robu submitted an affidavit dated May 26, 2021, stating, inter alia: (a) "[m]y current citizenship is the State of North Carolina"; (b) "[p]rior to becoming a citizen of the State of North Carolina in November 2020, I was a citizen of the State of Washington"; (c) "I am not now, nor have I ever been, a citizen of the State of New York"; and (d) "I neither rent nor own any other or additional residence outside of North Carolina."  Docket Entry No. 16-1.  The plaintiff's attorney, Ready, submitted his June 2, 2021 declaration asserting that defense attorney's declaration and Robu's conclusory and self-serving affidavit "simply parrot that Robu is a citizen of North Carolina without identifying any of the indicia that separates 'residency' from 'domicile.'"  Docket Entry No. 17.

Thereafter, the case was referred to the undersigned for all purposes.  See Docket Entry No. 23.  The corporate defendants submitted certificates showing their incorporation in Illinois, Docket Entry Nos. 13-2 & 25-1, which the plaintiff does not challenge.  On July 22, 2021, the Court directed Robu to file a memorandum of law and affidavits with exhibits establishing the state in which he is domiciled, the plaintiff to file a memorandum of law and affidavits and exhibits supporting his position and Robu to file a reply.  See Docket Entry No. 28.  Robu filed his memorandum of law, Docket Entry No. 30, and his July 29, 2021affidavit with exhibits, Docket Entry No. 31, and Ready filed his August 5, 2021 declaration, Docket Entry No. 33.  No reply was filed by Robu.

## ROBU'S SUBMISSIONS

Robu argues that he was domiciled in the state of North Carolina at the commencement of this lawsuit and at the time of removal of this action.  In his July 29, 2021 affidavit, Robu states that, when he arrived in the United States in 2014, at the age of 20, he lived in Massachusetts for eight to nine months, after which he moved to California around October 2014.  In early 2015, Robu moved to Washington, where he resided for the next five years. Robu lived in Spokane, Washington, where he paid rent pursuant to an oral agreement with his landlord, maintained his personal effects and paid state income tax to the state of Washington, as demonstrated by his 2016-2018 tax returns attached to his affidavit as Exhibit 2.  While living in Washington, Robu obtained his commercial driver's license, attached as Exhibit 3 to his affidavit, and began working as a commercial truck driver for interstate trucking companies. Robu's profession requires him to be on the road driving away from his permanent residence for most of the year and during that time he sleeps in his truck.  When his schedule permits, approximately every three months or sometimes when passing through on an interstate, Robu

returns to his permanent residence for one week or more until he must go back on the road.  In

November 2020, Robu moved to North Carolina with the intention of becoming a permanent

citizen of that state.  He entered into a one-year lease for a room and parking in a house located

in Mount Ulla, North Carolina, where he has continued to reside through the present.  Robu

moved all his personal effects to that North Carolina residence, and he does not maintain any

personal effects in other states.  Robu attached a copy of his North Carolina lease as Exhibit 4 to

his affidavit.  Upon moving to North Carolina, Robu surrendered his Washington commercial

driver's license to the North Carolina Department of Motor Vehicles in order to obtain a North

Carolina commercial driver's license.  The North Carolina Department of Motor Vehicles put a

cut in his Washington commercial driver's license deeming it to be invalid and returned it to

him.  Robu obtained a North Carolina commercial driver's license, a copy of which is attached to

his affidavit as Exhibit 5.  The North Carolina Department of Motor Vehicles advised Robu that

he was required to purchase North Carolina insurance in order to obtain a North Carolina

commercial driver's license.  Since he did not have a personal vehicle, Robu purchased what he

understood to be "non-vehicle insurance" through Geico, a copy of which he attached to his

affidavit as Exhibit 6.  Since moving to North Carolina, when he has time off from work, Robu

returns regularly to his home in Mount Ulla to reside there until he needs to go back on the road

for work.  Robu has every intention of continuing to return to North Carolina and reside there

when permitted by his employment.

**PLAINTIFF'S SUBMISSION**

The plaintiff failed to comply with the Court's July 22, 2021 order because he did not

submit, as directed by the order, a memorandum of law explaining his position.  Rather, he

submitted the declaration of his attorney, Ready, which contains, improperly, legal arguments

4

and conclusory statements and does not contain any exhibits in support of Ready's factual assertions.  Notwithstanding the plaintiff's failure to comply with the Court's July 22, 2021 order, the Court will consider the plaintiff's arguments contained improperly in Ready's declaration.

Ready asserts that Robu's proof of North Carolina residence does not prove citizenship because "Robu presents no other non-subjective evidence or indicia of North Carolina citizenship: NO 'location of spouse and family' NOR 'payment of taxes' NOR 'tax return address' NOR 'location of [his] physician' NOR 'location of bank account,' etc. *See Gutierrez v. Fox*, 966 F. Supp. 214 217 (S.D.N.Y. 1997) (citing 3 Moore's Federal Practice para. 102.36[1] at 102-81 to -86 (3d ed. 1997)."  According to Ready, "Robu's bare, self-serving declaration, without more, fails to carry his burden to prove North Carolina is his domicile," and he does not explain "why North Carolina differs from his other residences since 2013," given that he "has held residences at ten addresses (often overlapping), across five states, coast-to coast, over seven years – a fact he has never disputed nor explained."  Ready contends that Robu "does not affirm whether he has ever spent a night at the leasehold" and "nothing details what 'personal effects' he moved to North Carolina and when he did so" and "why (despite many opportunities) has he not produced [tax returns] for North Carolina or for the year 2020?"  According to Ready, "Robu's history, in the context of diversity of jurisdiction, is one of statelessness" and "federal courts do not have jurisdiction over stateless individuals," making citation to "*Scripts Wholesale, Inc. v. Mainspring Distribution LLC*, No. 1:18-cv-6612 (E.D.N.Y. Jul;y 13, 2021) [ECF 67]."

## LEGAL STANDARD

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." United Food & Com.

Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d

298, 301 (2d Cir. 1994).

> [It is] the general rule where removal is premised on diversity jurisdiction, that complete diversity must exist both at the time the action is commenced *and* at the time of removal. *See Kinney v. Columbia Savings & Loan Assoc.,* 191 U.S. 78, 24 S.Ct. 30, 32, 48 L.Ed. 103 (1903); *Atlanta Shipping Corp. v. Internat'l Modular Housing, Inc.,* 547 F.Supp. 1356, 1360 (S.D.N.Y.1982); 14A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d,* § 3273, at 312 (1985) (hereinafter *Wright & Miller* ). The rule prevents a nondiverse defendant from manipulating the court's jurisdiction by changing its state of residence after the action is commenced and then seeking to remove based on the newly created diversity. *See Wright & Miller* § 3723, at 313–14.

Pepsico, Inc. v. Wendy's Int'l, Inc., 118 F.R.D. 38, 40 (S.D.N.Y. 1987).

> A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332 (1994), is a mixed question of fact and law. *See, e.g., Francis v. Goodman,* 81 F.3d 5, 7 (1st Cir.1996); *State Farm Mutual Automobile Insurance Co. v. Dyer,* 19 F.3d 514, 518 (10th Cir.1994); *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir.1992). The legal components of the question are well established. An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. *See, e.g., Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 948 (internal quotation marks omitted). . . .   To effect a change of domicile, " 'two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there. The change cannot be made, except *facto et animo.* Both are alike necessary. Either without the other is insufficient.' " *Id.* (quoting *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904)). Questions as to a person's "intent to change, or not to change, his domicile from [one state] to [another]" are "factual" questions. *Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 244 (2d Cir.1984).  A party alleging that there has been a change of domicile has the burden of proving the "require[d] ... intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality," and must prove those facts "by clear and convincing evidence." *Id.* at 243–44 (internal quotation marks omitted).

Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000).

## **APPLICATION OF LEGAL STANDARD**

The plaintiff's reliance on Gutierrez is misplaced.  In that case, the court stated:

Before considering the relevant facts, it is my strong assumption that both parties have engaged in deliberate manipulation of the jurisdiction of this Court. In order to invoke this Court's jurisdiction, plaintiff originally asserted that he was domiciled in New Jersey, seeking this federal forum to obtain a speedy resolution of his claim. Defendant, for his part, was all too happy to avoid a New York County jury as opposed to a Southern District of New York jury, which includes New York, Westchester, Orange, Rockland, and Dutchess counties. Although defendant alluded to the jurisdictional issue during trial, he never pressed it. *See* Trial Transcript at 66–68. Post-verdict, the landscape has changed. Plaintiff, unhappy with the jury's damages award, now appears to have realized that he was a New York domiciliary in July 1996 when this lawsuit was filed. Plaintiff's counsel asserts that prior to this point in the proceedings, he was unaware of all of the facts relevant to his client's domicile. Defendant, pleased with the jury verdict, no longer intimates that jurisdiction is lacking, but now vigorously argues that plaintiff was domiciled in New Jersey, diversity existed between the parties, and judgment should be entered.

Gutierrez v. Fox, 966 F. Supp. 214, 215–16 (S.D.N.Y. 1997).

The Court found:

A party's own statements about his or her intent are relevant; however, they are given only limited weight if they conflict with objective facts that tend to support a contrary intent. While there is evidence indicating that plaintiff had two residences, objective indicia suggest that plaintiff intended to remain in New York indefinitely at the time this action was filed. Plaintiff lived for the majority of the year in New York with Ms. Baez and their daughter. He worked in New York and paid New York State and New York City taxes. He listed his New York address as his residence on his tax return and for payroll purposes with his employer. His primary physician was located in New York, and he sought medical attention in New York for the injuries sustained in the accident at issue in this case. He maintained a bank account in New York rather than New Jersey. Plaintiff's statements of his intent, while inconsistent, are not dispositive. Plaintiff stated at the hearing that he made a final decision in January 1997 to live permanently with Ms. Baez and their daughter in New York. *See* Tr. at 28. Although one could infer that prior to January 1997, plaintiff did not intend to remain in New York, plaintiff also testified that throughout 1996, his intent was to live with Ms. Baez in New York. Tr. at 36. Earlier, at his deposition, plaintiff testified that he stayed with Ms. Baez five days a week for convenience. Gutierrez Dep. at 21. However, this statement does not require a finding that plaintiff did not intend to remain in New York indefinitely, whether for ease of commuting or otherwise. On balance, considering the totality of the evidence, I find that plaintiff intended to remain in New York indefinitely when he filed this lawsuit in July 1996. I therefore conclude that plaintiff was domiciled in New York when this action was filed.

7

Id. at 217–18 (citation omitted).

The plaintiff does not assert Robu manipulated deliberately the jurisdiction of this court, and no

evidence exists on the record suggesting manipulation.  The plaintiff does not contend that

Robu's evidence is not clear or that he is untruthful.  Unlike in Gutierrez, no evidence exists that

Robu maintained two residences at the time this action was commenced and at the time of

removal.  Robu's statement in his affidavit of intent to continue his domicile in North Carolina is

not inconsistent with any other of his statements or any other evidence, and it is not rebutted by

any evidence submitted by the plaintiff.  The defense attorney's notice of removal, in which the

attorney asserted that "Robu is a citizen of the State of Washington" is not evidence.  Robu's

statement about his intent is not in conflict with any "objective facts that tend to support a

contrary intent," as was the case in Gutierrez.  The plaintiff does not make citation to any

binding authority requiring that the removing party must establish each of the factors enumerated

in "3 *Moore's Federal Practice* ¶ 102.36[1] at 102–81 through 86 (3d ed.1997)" and cited by the

court in Gutierez.  For example, the plaintiff does not explain how Robu would be able to

establish: (a) "location of spouse and family" if he is not married or has no family in the United

States, given that he arrived in the United States in 2014 at the age of 20; (b) "payment of taxes"

for 2020 if he has not filed his tax return at the time of his affidavit because he may have been

subject to an extension of time based on relief offered by the North Carolina Department of

Revenue in response to the COVID-19 outbreak; (c) "location of [his] physician" if he does not

have a physician because he has not been sick or he has not consulted one in North Carolina for

any annual checkup yet, since he only moved to North Carolina in November 2020; and (d)

"location of bank account" in North Carolina if he has not established one in North Carolina,

since he moved there in November 2020 or decided not to establish one in North Carolina

because the bank account he has elsewhere provides the best services to him.

The plaintiff asserts that Robu does not explain "why North Carolina differs from his

other residences since 2013," without citation to any legal authority that would require Robu to

do so in the circumstance of this case. The plaintiff provides no evidence to support his

conclusory assertion that Robu "has held residences at ten addresses (often overlapping), across

five states, coast-to coast, over seven years – a fact he has never disputed nor explained." Ready

asserted in his May 18, 2021 declaration that "[a] LexisNexis Report (copy submitted herewith

as Exhibit 'B' redacted for birth dates and social security numbers) shows that ROBU has

claimed residence at 11 addresses, across five states, coast-to-coast, since 2013," "has resided in

multiple states at the same time," and "[d]uring these same years, he held eight different driver's

licenses." In his August 5, 2021 declaration, Ready relies on the "Lexis Search Report" attached

as Exhibit B to his May 18, 2021 declaration. Ready does not explain in any of his declarations

what "Lexis Nexis Report" is, who generated it and the methods used to generate it, the sources

from which "Lexis Nexis Report" is generated or the basis for Ready's personal knowledge that

the information generated by "Lexis Nexis Report" is accurate and truthful. Ready does not

explain the content of any of 26 pages of Exhibit B to his May 18, 2021 declaration and he does

not make citation to any particular page in that exhibit in support of his assertions. Since the

plaintiff acknowledged that state citizenship for the purpose of diversity is not defined by a

person's residence, which "unlike domicile, tells the court only where the parties are living," the

allegation that Robu might have had different addresses and driver licenses in multiple states

does not rebut, without more, the evidence showing where Robu was domiciled at the relevant

times. The plaintiff's assertion that Robu is stateless is meritless and his reliance on "*Scripts*

*Wholesale, Inc. v. Mainspring Distribution LLC*, No. 1:18-cv-6612 (E.D.N.Y. July 13, 2021)

[ECF 67]" in support of that assertion is misplaced because in that case the plaintiffs had the

burden to show and failed to show the individual defendant's citizenship after they were ordered

to do so, and the defendants did not identify the individual defendant's citizenship after being

ordered to do so, leaving the court without any evidence of the individual defendant's citizenship

for the purpose of the diversity action.

Unlike in Scripts Wholesale, Inc., Robu presented clear and convincing evidence

establishing that he was domiciled in Washington, where he resided, paid income taxes and held

a commercial driver's license, prior to changing his domicile to North Carolina, in November

2020.  Upon review of the parties' submissions and the record in this case, the Court has no

reason to doubt that Robu's statements in his affidavits are not truthful and the plaintiff does not

contend that they are not truthful.  Robu submitted clear and convincing evidence establishing

his domicile in North Carolina at the time this action was commenced and at the time this action

was removed, consisting of: (1) the lease agreement with a landlord, beginning on November 1,

2020, and ending on October 31, 2021, for a room and parking space in Mount Ulla, North

Carolina; (2) his North Carolina commercial driver's license, issued on December 1, 2020, and

showing his address in Mount Ulla, North Carolina; (3) his Geico North Carolina Insurance

Identification card showing it is effective November 20, 2020, and his address in Mount Ulla,

North Carolina; (4) his July 29, 2021 affidavit, including his statements that, since he moved to

North Carolina, he moved all his personal effects to North Carolina, does not maintain any

personal effects in any other state, returns to his home in Mount Ulla regularly until he needs to

go on the road for work and intends to continue to return to North Carolina and reside there when

he is not on the road working as a commercial truck driver; and (5) his May 26, 2021 affidavit,

10

including his statement: "I am not now, nor have I ever been, a citizen of the State of New York." As the plaintiff acknowledges, Robu's work as a long-distance truck driver causes him to be constantly on the move and sleep in his truck.  However, the nature of his work does not prevent Robu from establishing, as he did in the circumstance of this case, by clear and convincing evidence, that he was domiciled in North Carolina at the times this action commenced and was removed.

## CONCLUSION

For the foregoing reasons, the Court finds that jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) is proper because Robu was domiciled in North Carolina at the time this action commenced and was removed.

Dated:   New York, New York                              SO ORDERED:
         August 24, 2021

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

11