UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDY ROSA,

                        Plaintiff,                       **ORDER**

                -against-                      **21-cv-3153 (JW)**

THE CHARITABLE TRUCKING CO., *et al.*,

                        Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

      This Court is in receipt of Defendants' letter seeking to preclude Plaintiff from using a report from an accident reconstruction expert who was not disclosed during the discovery period. Dkt. No. 74. Alternatively, Defendants ask that this Court extend the deadline for expert discovery to allow sufficient time for Defendants to depose Plaintiff's newly designated expert. Id. Plaintiff argues that this Court should extend the expert discovery deadline because the Fed. R. Civ. P. 37(c)(1) factors weigh against preclusion. Dkt. No. 75. For the reasons stated below, the request to preclude is DENIED and the request to extend the expert discovery deadline for the limited purpose of allowing Defendants to depose Plaintiff's accident reconstruction expert is GRANTED.

      Under Rule 26, "a party must disclose to the other parties the identity of any witness it may use at trial . . ." Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the

party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). When considering whether to preclude under Fed. R. Civ. P. 37(c)(1), courts in the Second Circuit analyze: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (citing Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir.1997)).

In the instant action, Defendants note the belated disclosure of Plaintiff's expert report, but do not articulate any harm beyond the need to depose the expert. Dkt. No. 74. Conversely, Plaintiff provides compelling arguments that each of the Rule 37(c)(1) factors weigh against preclusion. Dkt. No. 75 at 2-3. Further, Plaintiff provides case support that no prejudice to the opposing party was found where trial was a month away, there was no evidence of bad faith, and any prejudice could easily be cured by allowing the opposing party to depose the belatedly disclosed witness. Rmed Int'l, Inc. v. Sloan's Supermarkets, Inc., No. 94CIV.5587(PKL)(RLE), 2002 WL 31780188, at *4 (S.D.N.Y. Dec. 11, 2002). Similarly, here, this action is two months from trial, there is no evidence of bad faith, and Defendants concede that allowing them to depose the expert will cure any prejudice. Therefore, the request to preclude

the expert is DENIED, and the request for a limited expert discovery extension is GRANTED. The expert discovery deadline is extended to **May 3, 2024**. Given the impending trial date in June, this Court is unlikely to grant any further extensions absent extraordinary circumstances.

    SO ORDERED.

DATED:    New York, New York
            April 11, 2024

                                                          *Jennifer E. Willis*
                                                          JENNIFER E. WILLIS
                                                          United States Magistrate Judge