UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDY ROSA,

                        Plaintiff,                          **ORDER**

          -against-                            **21-CV-3153 (JW)**

THE CHARITABLE TRUCKING CO., et al.,

                        Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On July 2, 2024, after Defendants' substitution of counsel, the Court granted a 60-day extension to complete the depositions of the Parties' expert witnesses. Dkt. No. 88. Now before the Court is a series of letter motions detailing discovery disputes regarding the depositions of expert witnesses. See Dkt. Nos. 89–92.

## I.    BACKGROUND

On July 26, 2024, Defendants filed a status letter indicating that only one of Plaintiff's experts had been deposed and the four remaining treating physicians' depositions had not been scheduled. Dkt. No. 89. Defendants' letter then alleges that Plaintiff, after failing to secure dates with the treating physicians, wished to proceed by calling them as fact witnesses. Id. Because the deadline to disclose fact witnesses already expired, Defendants asserted that Plaintiff must serve expert disclosures under FRCP 26(a)(2)(B) or FRCP 26(a)(2)(C) and then produce the expert witnesses for depositions. Id. In the event Plaintiff fails to do so, Defendants ask that he be precluded from calling the treating physicians or be granted leave to serve deposition

subpoenas on them. Id. Lastly, Defendants allege that Plaintiff failed to identify which of Defendants' experts he wishes to depose.

On July 31, 2024, Plaintiff filed a response letter stating that because of the "concerns raised by Defendants, and out of an abundance of caution" he would provide Rule 26(a)(2)(C) expert disclosures for the four treating physicians. Dkt. No. 90. Plaintiff then asserts that the treating physicians are non-retained experts under Rule 26(a)(2)(C) and therefore not under the control of Plaintiff. Id. Plaintiff argues that he is not required to produce non-retained experts for depositions, but Defendants must instead subpoena these treating physicians. Id. (citing Shepler v. Metro-N. Commuter R.R., No. 13-CV-7192 (RWS), 2016 WL 1532251, at *3 (S.D.N.Y. Apr. 15, 2016)). Plaintiff's letter also alleges that he has identified which of Defendants' experts he wishes to depose and emailed Defendants about their availability to conduct those depositions. Id.

On august 14, 2024, Defendants filed a second letter informing the Court that, while the deadline for expert disclosures passed, they offered to accept Plaintiff's Rule 26(a)(2)(C) expert disclosures. Dkt. No. 91. However, Defendants then argue that the expert disclosures were insufficient as they failed to include "necessary information including each expert's testimonial history for last 4 years and the expert's fees." Id. Defendants now ask that Plaintiff be precluded from presenting testimony from the four treating physicians or the Court impose sanctions for the alleges discovery failures. Id.

On August 16, 2024, Plaintiff filed a second letter arguing the Rule 26(a)(2)(C) expert disclosures were not untimely because the Court re-opened discovery for the express purpose of facilitating expert depositions. Dkt. No. 92. Plaintiff second letter also asserts that testimonial history and fees are not required disclosures under Rule 26(a)(2)(C). Id. Lastly, Plaintiff highlights that Defendants still have provided dates for depositions of Defendants' expert witness. Id.

## II.  DISCUSSION

### A. Treating Physicians as Non-retained Experts

Treating physicians who were personally involved in the events leading to litigation, are often non-retained experts who qualify as both fact and expert witnesses. See Ayotte v. Nat'l Basketball Ass'n, No. 22-CV-9666 (RWL), 2024 WL 3409027, at *1 (S.D.N.Y. July 15, 2024) (citing Caruso v. Bon Secours Charity Health Systems, Inc., 703 F. App'x 31, 33 (2d Cir. 2017)). Rule 26(a)(2)(C) provides that non-retained experts need only provide "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." See Fed. R. Civ. P. 26(a)(2)(C).

Defendants acknowledge that the four outstanding depositions of Plaintiff's witnesses consists of treating physicians. Dkt. No. 89 n. 1–4. The Parties also acknowledge that Plaintiff has provided Rule 26(a)(2)(C) disclosures for the treating physicians. Dkt. No. 90–92. Defendants now claim the disclosures were untimely and failed to include the expert's testimonial history and fees. Dkt. No. 91.

Plaintiff should have made the required Rule 26(a)(2)(C) before the initial expert discovery deadline. However, the Court re-opened discovery to facilitate the depositions of several expert witnesses including Plaintiff's treating physicians. Dkt. No. 88. Plaintiff made the disclosures during the re-opened discovery period and Defendants offered to and eventually accepted the late disclosures. See Dkt. No. 91. Because Rule 26 does not require that expert disclosures for non-retained experts include testimonial history and fees, Plaintiff's expert disclosures are not deficient for those reasons. Therefore, Defendants' requests that Plaintiff be precluded from calling the treating physicians and that Plaintiff's counsel be sanctioned are both denied.

### B. Production of Non-retained Experts

Defendants assert that Plaintiff is required to produce the four treating physicians for depositions and has failed to do so. Dkt. No. 89. Plaintiff argues that he is not required to produce the treating physicians because they are non-retained experts and therefore not within Plaintiff's control. Dkt. No. 90 (citing Shepler v. Metro-N. Commuter R.R., No. 13-CV-7192 (RWS), 2016 WL 1532251, at *3 (S.D.N.Y. Apr. 15, 2016)).

Neither Party cites any local caselaw directly stating whether a party is required to produce non-retained experts. In Shepler, which Plaintiff relies on, the Court ruled it was unnecessary to determine the expert status and controlling party of the physician in question. Shepler, 2016 WL 1532251, at *3. Instead, the court in Shepler ruled that the breadth of Rule 30(a)(1) applied to "non-party witnesses, fact

witnesses, or either party's retained or non-retained expert witnesses." Id. Like Shepler, this Court grants Defendants leave to subpoena the four treating physicians should they desire to depose them.

### C. Outstanding Depositions

In addition to the four treating physicians, Plaintiff also asserts that Defendants have not produced their experts for depositions. Dkt. No. 90 n. 1; Dkt. No. 92 n. 1. Defendants argue that Plaintiff has not identified which Defense experts he wishes to depose. Dkt. No. 89. Plaintiff counters he has both identified and inquired about available dates to conduct depositions of Defendants' experts. Dkt. No. 90 n. 1.

The Parties are ordered to meet and confer regarding the availability of Defendants experts and provide the Court with a joint letter that include the dates of the depositions **by September 6, 2024**. Defendants are also ordered to include in the September 6th letter an update on whether they have subpoenaed and scheduled depositions for Plaintiff's treating physicians. The deadline to complete all expert depositions is extended until **October 4, 2024**.

SO ORDERED.

DATED:   New York, New York
         August 30, 2024

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge